J-S54044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
MANUEL ALEXIS RAMOS　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　:　　No. 513 MDA 2019

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):　CP-22-CR-0001105-2015,
CP-22-CR-0005529-2016, CP-22-CR-0005643-2016,
CP-22-CR-0006076-2015, CP-22-CR-0006370-2015,
CP-22-CR-0006743-2016

BEFORE:　BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:　　　　　　　　**FILED AUGUST 19, 2020**

Appellant, Manuel Alexis Ramos, appeals from the March 5, 2019 Order entered in the Dauphin County Court of Common Pleas dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as meritless.　With this appeal, Appellant's counsel has filed an Application to Withdraw as Counsel and an **Anders**[1] Brief.　After careful

---

[1] **Anders v. California**, 386 U.S. 738 (1967).　Although counsel has filed an **Anders** Brief, the proper mechanism when seeking to withdraw in PCRA proceedings is a **Turner**/**Finley** letter.　**See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).　However, because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** no-merit letter.　**Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

review, we affirm the PCRA court's Order and grant counsel's Application to Withdraw.

We glean the facts and procedural history underlying this matter from the certified record. The Commonwealth charged Appellant with a litany of offenses following a series of break-ins across multiple jurisdictions, including Dauphin, Lebanon, and York Counties. On November 29, 2016, Appellant entered a negotiated guilty plea at Docket Number 1105-2015 to 38 counts of Burglary, and one count each of Conspiracy to Commit Burglary, Theft by Unlawful Taking, and Possession of Firearms Prohibited. That same day, Appellant also entered negotiated guilty pleas at two additional dockets— Numbers 6370-2015 and 6076-2015—to one count each of Burglary.[2]

On January 17, 2017, the trial court sentenced Appellant at Docket Number 1105-2015 to a term of 14 to 30 years' incarceration, and two concurrent terms of 2½ to 15 years' incarceration for his convictions at Docket Numbers 6370-2015 and 6076-2015.

Also on January 17, 2017, Appellant entered negotiated guilty pleas at three additional docket numbers. In particular, Appellant pleaded guilty at Docket Number 5529-2016 to two counts of Burglary and one count of

---

[2] The Commonwealth had initially charged Appellant with 413 offenses at these three docket numbers. Pursuant to the negotiated plea agreement, the Commonwealth withdrew or *nolle prossed* all but 40 of those charges as described above.

Criminal Mischief; at Docket Number 6743-2016 to one count each of Burglary, Theft by Unlawful Taking, and Criminal Mischief; and at Docket Number 5643-2016 to six counts of Burglary, and one count each of Conspiracy to Commit Burglary and Possession of Firearms Prohibited.[3] That same day, the trial court sentenced Appellant to three additional concurrent terms of 2½ to 15 years' incarceration.[4]

Appellant did not file any direct appeals from his Judgments of Sentence. His Judgments of Sentence, thus, became final on February 16, 2017, upon expiration of time to file a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On January 11, 2018, Appellant timely filed *pro se* the instant PCRA Petition in which he claimed that his guilty plea had been unlawfully induced, his plea counsel was ineffective, and his conviction occurred in a tribunal that lacked jurisdiction. PCRA Petition, 1/11/18, at 2, 4. The PCRA court appointed counsel who, on May 2, 2018, filed a Supplemental PCRA Petition reasserting the claims raised in Appellant's *pro se* Petition.[5] Supplemental PCRA Petition, 5/2/18, at 10-21.

---

[3] In accordance with Appellant's negotiated guilty plea, the Commonwealth withdrew or *nolle prossed* nine other charges.

[4] The court, thus, imposed an aggregate sentence of 14 to 30 years' incarceration for the six docket numbers.

[5] Counsel also filed a Motion to Modify Appellant's Sentence at Docket Number 6743-2016 arguing that the court's sentence was improper because, under

On January 23, 2019, the court held an evidentiary hearing. On March 5, 2019, it dismissed Appellant's Petition as meritless.

This appeal followed.[6]

On August 1, 2019, counsel filed an **Anders** Brief and, on August 2, 2019, an Application to Withdraw as Counsel, concluding that there were no non-frivolous issues to be raised on appeal since the PCRA Petition was wholly without merit. Appellant filed a *pro se* response.[7]

Counsel presents three issues in his **Anders** Brief for our review:

1. Whether the [PCRA] court improperly determined that Appellant's guilty plea was not unlawfully induced?

2. Whether the [PCRA] court improperly determined that [plea] counsel was not ineffective?

3. Whether the [PCRA] court improperly determined that the conviction did not occur in a tribunal without jurisdiction?

**Anders** Brief at 7.

---

the Sentencing Code, the offense of Theft By Unlawful Taking should have merged with the offense of Burglary. On September 26, 2018, the trial court granted the Motion to Modify. The modification did not affect the overall sentencing structure of the negotiated plea agreement.

[6] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) Statement.

[7] In his Response, Appellant asserted that his "counsel's actions have and are continuing by having detrimental effects upon My Commercial Affairs" and that he is "holding him, by My Acceptance for his actions, responsible for the value concerning the said Regarding" as an "unlawful monopoly and commerce." *Pro Se* Response, 8/9/19, at 1. Appellant stated that he refused to acknowledge counsel's "corrupt inter-bar courts of thievery." **Id.** Last, Appellant claimed that his counsel has not been "functioning as the 'counsel' guaranteed [to him] by the Sixth Amendment[.]" **Id.**

- 4 -

Before we consider Appellant's arguments, we must review counsel's request to withdraw from representation. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues were meritless. **Id.** The court then conducts its own independent review of the record to determine if the Petition is meritless. **Id.** "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record indicates that counsel has complied with each of the above requirements. In addition, he sent Appellant copies of the **Anders** Brief and Petition to Withdraw, and advised him of his rights in lieu of representation. **See Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011). Since counsel has complied with the **Turner**/**Finley** requirements, we now proceed with our independent review of the record and the merits of Appellant's claims.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of

legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). Further, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa. Super. 2008) (citation omitted).

**Ineffective Assistance of Counsel**

Appellant raises three issues challenging counsel's stewardship. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." ***Id.*** (citation omitted). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003) (citation omitted). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

**Guilty Plea**

Appellant first claims that he did not enter his pleas knowingly, intelligently, or voluntarily because plea counsel did not properly explain the length of his sentence. ***Anders*** Brief at 15-16.

- 6 -

"[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** at 338-39 (citations omitted). "The law does not require that the defendant be pleased with the outcome of his decision to plead guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa. Super. 2010) (citations omitted).

With respect to the prejudice prong of the ineffectiveness test, the defendant who entered a guilty plea must demonstrate that "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 370 (Pa. Super. 2006) (citation omitted).

In addressing the voluntariness of Appellant's guilty plea, the PCRA court explained that Appellant indicated in his colloquy that: (1) he was aware of the charges he faced and the maximum punishment he was facing; (2) he understood the rights that he was giving up; (3) there were no threats or promises made to him other than those promises contained in the negotiated plea agreement; and (4) the Commonwealth provided a factual basis for the charges against Appellant at both the November 29, 2016 and January 17,

2017 proceedings. It also noted that Appellant's guilty plea colloquy forms included, in bold face type, verbiage indicating that "in the absence of a negotiated plea deal, the court can impose sentences that are consecutive (meaning one sentence does not begin until the other ends) to each other or any other sentence or concurrent (meaning all sentences run together at the same time) or a combination of concurrent and consecutive if there are multiple counts or multiple dockets." PCRA Ct. Op., 2/28/19, at 7 (quoting Guilty Plea Colloquy Forms). Appellant reviewed with his attorney, and signed, each of the guilty plea colloquy forms and indicated that he understood them.

In addition, the Notes of Testimony reflect that at both the November 29, 2016 and January 17, 2017 proceedings, the Commonwealth provided a factual basis for the charges against Appellant, and the court engaged in an extensive on-the record colloquy with Appellant. At the November 29, 2016 hearing, prior to accepting Appellant's plea to the agreed-upon charges at the relevant docket numbers, the court asked Appellant whether he could read, write, and understand the English language; whether he was satisfied with plea counsel; whether it was his intention to enter a guilty plea; and whether he understood he was pleading guilty under an Agreement that called for a 14- to 30-year sentence. Likewise, at the January 17, 2017 proceeding, the trial court engaged in a similar on-the-record colloquy with Appellant. On both occasions, Appellant answered these questions in the affirmative. Thus, the

record supports the PCRA court's conclusion that Appellant's pleas were knowing, intelligent, and voluntary.

In rejecting Appellant's claim that counsel provided him with erroneous advice, the PCRA court explained that Appellant admitted that the 14- to 30-year sentence imposed on him was the exact same sentence his attorney had informed him he would receive. **See** N.T., 1/13/19, at 9 ("I understood that they were sentencing me to 14 to 30 years."). The court also noted that Appellant's counsel explained to Appellant the possible maximum sentences on the charges against him and that if Appellant chose not to accept the terms of the negotiated plea agreement, he would potentially receive a longer sentence than 14 to 30 years of incarceration. Given that Appellant was originally charged with more than 437 counts across six docket numbers, including 49 counts of Burglary alone, and could have been subject to, at the discretion of the court, consecutive sentences, the PCRA court found counsel's advice to be accurate, reasonable, and overwhelmingly appropriate. **See** PCRA Ct. Op. at 8-9.

Following our review, we conclude that the record supports the PCRA court's determination Appellant entered his guilty plea knowingly, intelligently, and voluntarily, and that plea counsel did not provide ineffective assistance. Appellant is, therefore, not entitled to relief on this claim.

**<u>Mitigating Factor</u>**

Appellant next claims that his plea counsel was ineffective for failing to introduce Appellant's mental health diagnosis as a mitigation factor and failed

to aggressively argue that the court should depart from the sentencing guidelines on that basis.[8] **Anders** Brief at 17.

In addressing this claim, the PCRA court aptly noted that the court sentenced Appellant pursuant to a negotiated agreement whereby the Commonwealth withdrew a significant number of felony charges in exchange for Appellant's agreement to a particular term of incarceration. PCRA Ct. Op. at 11. The court placed the terms of the negotiated plea agreement on the record in Appellant's presence, including the sentence to which Appellant had agreed, and Appellant executed written colloquies acknowledging the agreement.

As the PCRA court opined, "[e]ven if counsel had presented testimony or made representations of a mental health diagnosis on the part of [Appellant], the sentence we imposed would not have changed. We sentenced—and would still have sentenced—[Appellant] to 14 to 30 years [of] incarceration, **because that is the term the Commonwealth and [Appellant] negotiated and agreed to**." **Id.** at 12 (emphasis added).

Likewise, with respect to his claim that his counsel was ineffective for failing to "argue aggressively" at the sentencing hearing for a downward departure from the sentencing guidelines, the PCRA court opined that "any request regarding a departure from the Guidelines would have been

---

[8] Appellant admitted that his drug addiction motivated his crime spree. N.T. Sentencing, 1/17/17, at 14. He never claimed that any other mental health condition was responsible for his extensive crime spree or that he had received any mental health diagnosis before or since his arrest.

irrelevant" because Appellant's sentence was determined by his plea agreement with the Commonwealth, to which he willingly assented. *Id.*

We agree. By virtue of entering a negotiated guilty plea, which was quite favorable for Appellant, there was no need for his counsel to present any argument, aggressive or otherwise, about alleged mitigating factors. In sum, Appellant has not shown that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that the outcome of his sentencing would have been different.

### Insufficiency of Evidence

Appellant also baldly claims that his plea counsel was ineffective for failing to argue that the Commonwealth's evidence was insufficient. *Anders* Brief at 18. As noted above, the Commonwealth provided a factual basis for the charges against Appellant at both the November 29, 2016 and January 17, 2017 proceedings. By entering a guilty plea, Appellant conceded that the Commonwealth's evidence was sufficient to support his conviction. *See Commonwealth v. Rounsley*, 717 A.2d 537, 539 (Pa. Super. 1998). Appellant has not alleged, let alone proved, that but for his counsel's alleged ineffectiveness in failing to challenge sufficiency of the Commonwealth's evidence, the outcome of these proceedings would have been different.

In light of the foregoing, the record supports the PCRA court's conclusion that Appellant has failed to satisfy any of the prongs of the ineffectiveness test. These claims are, therefore, meritless.[9]

**Lack of Jurisdiction**

In his final issue, Appellant claims that the Dauphin County Court of Common Pleas lacked jurisdiction to adjudicate the charges arising from the crimes Appellant committed outside of Dauphin County. ***Anders*** Brief at 18. Appellant asserts that he was prejudiced by the transfer of prosecution from Lebanon and York Counties to Dauphin County. ***Id.*** at 19.

Pa.R.Crim.P. 555 governs the procedure for transferring cases arising from a single criminal episode that took place in more than one judicial district. Rule 555(D)(1) provides that, "absent an objection within 10 days of filing, the court promptly shall order the transfer of proceedings." Pa.R.Crim.P. 555(D).

Similarly, Rule 130 addresses the issue of venue before charges are filed. It states, in relevant part:

> When charges arising from the same criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a

_____

[9] To the extent that Appellant also claims that his counsel was ineffective for failing to provide him with case discovery and transcripts of his preliminary hearings, our review indicates that Appellant did not raise this issue in his PCRA Petition; rather, he raised this issue for the first time at his PCRA hearing. "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007).

magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred.

Pa.R.Crim.P. 130(A)(3).

The Commonwealth bears the burden of proving venue is proper by a preponderance of the evidence once a defendant properly raises the issue. ***Commonwealth v. Gross***, 101 A.3d 28, 33 (Pa. 2014).

Appellant complains specifically about two sets of charges: (1) Burglary, Conspiracy, and Theft by Unlawful Taking charges initially filed in Lebanon County on July 22, 2105; and (2) Burglary, Theft by Unlawful Taking, Theft by Receiving Stolen Property, Possession of a Firearm Prohibited, and Criminal Trespass charges initially filed on August 5, 2015, in York County. ***Anders*** Brief at 19. In each of these cases, the record reflects that the respective counties' district attorneys filed Motions to Transfer Prosecution to Dauphin County Court of Common Please pursuant to Pa.R.Crim.P. 555. Appellant did not file any objections to these Motions. Accordingly, the courts of common pleas in Lebanon and York Counties each issued orders transferring these cases to the Dauphin County Court of Common Pleas.

As noted above, our review of the certified record indicates that Appellant did not object within 10 days of filing to the transfer of his charges to Dauphin County pursuant to Pa.R.Crim.P. 555. Likewise, Appellant did not raise a challenge to venue before the trial court. There is nothing in the record to indicate that the district attorneys in the relevant counties failed to comply with the requirements of Pa.R.Crim.P. 555 and Pa.R.Crim.P. 130 in consolidating Appellant's cases in Dauphin County and Appellant has not

presented any such claim. Moreover, as noted by the PCRA court, contrary to his bald assertion, Appellant was not prejudiced by the consolidation of his cases, as it resulted in his ability to pursue and receive a global plea agreement. **See** PCRA Ct. Op at 14. Accordingly, Appellant is not entitled to relief on this claim.

Order affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/19/2020